# Court of Appeals
# of the State of Georgia

ATLANTA, July 23, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2490. CHARANA JORDAN v. THE STATE.

Charana Jordan entered *Alford*[1] pleas to two counts of aggravated assault, and the trial court entered her sentence on June 11, 2026. On July 7, 2026, Jordan filed this pro se direct appeal. We lack jurisdiction.

Effective May 14, 2025, "[d]irect appeals from guilty pleas" must be initiated by filing an application for discretionary review. OCGA § 5-6-35(a)(5.3), (b); Ga. L. 2025, pp. 621, 623, §§ 1-2, 4-2; see *Clark v. State*, 378 Ga. App. 111, 111 n.1 (924 SE2d 346) (2025). An *Alford* plea is a guilty plea. *Argot v. State*, 261 Ga. App. 569, 571(2) (583 SE2d 246) (2003). Compliance with the discretionary appeals procedure is jurisdictional. *Hester v. State*, 378 Ga. App. 121, 121 (924 SE2d 457) (2025). Consequently, Jordan's failure to comply with the discretionary review procedure

---

[1]*North Carolina v. Alford*, 400 US 25 (91 SCt 160, 27 LE2d 162) (1970). Under *Alford*, a criminal defendant may enter a guilty plea while claiming she is innocent if she "intelligently concludes that [her] interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." Id. at 37.

deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __07/23/2026_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*